**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Tamer Magdy ELSAYED, Defendant—**
**Appellant.**

**No. 01–50219.**

**D.C. No. CR–00–01175–MLR–01.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 14, 2004.*

Decided Oct. 22, 2004.

Elana Shavit Artson, Miriam A. Krinsky, Christopher M. Brunwin, Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Karen L. Landau, Oakland, CA, for Defendant–Appellant.

Before KLEINFELD, TASHIMA and GOULD, Circuit Judges.

**MEMORANDUM**\*\*

Tamer Magdy Elsayed appeals his guilty plea conviction and 18–month sentence for student loan fraud, in violation of 20 U.S.C. § 1097(a). We have jurisdiction under 28 U.S.C. § 1291. We review for plain error, *see United States v. Dominguez Benitez*, —— U.S. ——, 124 S.Ct. 2333, 2336, 159 L.Ed.2d 157 (2004), and we affirm.

During the change of plea hearing, the district court failed to inform Elsayed that even if the court did not sentence him according to the recommendations in the plea agreement he could not withdraw his guilty plea. Elsayed contends that this was plain error. We disagree.

A review of the record demonstrates that it is not reasonably likely that Elsayed would have refrained from entering a guilty plea had the district court provided the instruction at issue. *See Dominguez Benitez*, 124 S.Ct. at 2340 (holding that "a defendant who seeks reversal of his conviction after a guilty plea, on the

---

\* This panel unanimously finds this case suitable for decision without oral argument, therefore appellant's request for oral argument is denied. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea").

To the extent that Elsayed raises a claim of ineffective assistance of counsel, we decline to address it. *See United States v. Ross*, 206 F.3d 896, 900 (9th Cir.2000) (stating that ineffective assistance of counsel claims are generally inappropriate on direct appeal).

**AFFIRMED.**